# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                    Plaintiff,          Case No. 15-20684

v.                                      Judith E. Levy
                                        United States District Judge

Kevin Matthew Lambert,[1]

                    Defendant.          Mag. Judge Elizabeth A.
                                        Stafford

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND THE JUDGMENT [30]

On July 14, 2016, Defendant Kylie Madison Lambert, who was known at that time as Kevin Matthew Lambert, was sentenced to a total of 480 months in custody. (ECF No. 29.) Defendant was convicted of production of child pornography, distribution of child pornography, and possession of child pornography. (*Id.*)

Before the Court is Defendant's "motion to amend federally committed name to conform with legal name and to direct all relevant

---

[1] Given Defendant's name change, the Court will refer to Defendant as "Kylie Madison Lambert."

agencies to update records accordingly." (ECF No. 30.) Defendant explains that she is a transgender woman and, during her incarceration, was diagnosed with Gender Dysphoria and legally changed her name to Kylie Madison Lambert. (ECF No. 30, PageID.244.) According to Defendant, she "has been informed that her legal name cannot be used in [Bureau of Prisons ("BOP")] systems—and cannot appear on any identification, records, or documentation—without an order from the sentencing court amending the committed name in the Judgment and Commitment Order." (*Id.*; *see also id.* at PageID.270 ("J. Epplin, National Policy and Program Coordinator," stating, "You would need to request through your Sentencing Court to have your name change and then the Bureau would update accordingly."); *id.* at PageID.275 (K. Tilley, Attorney at FCC Butner, stating, "The AIC would need to make that request with his/her sentencing court. When any documents with an updated name (J&C, PSR, etc) are received, we process in accordance with our policy.").)

As such, Defendant requests a Court order amending the Judgment to conform with her legal name.

Defendant's motion is denied because the Court does not have authority to amend the judgment.[2] "[A] court may revisit a criminal judgment that has become final only when the court has some lawful authority to do so." *United States v. Asker*, No. 21-1643, 2023 WL 3370440, at \*2 (6th Cir. May 11, 2023). Here, Defendant appears to argue that 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 36 give the Court authority to amend the judgment. (ECF No. 30, PageID.240.) But neither gives the Court authority to provide the amendment that Defendant seeks.

18 U.S.C. § 3582(c) gives the Court authority to modify "a term of imprisonment" in certain situations. The statute, however, only pertains to the sentence imposed, not information on the judgment such as Defendant's name.

Regarding Federal Rule of Criminal Procedure 36, it states,

---

[2] The government argues that the Court "lacks jurisdiction to change Defendant's name" and also "to consider the motion." (ECF No. 31, PageID.293–294.) To the extent the government argues that the Court lacks jurisdictional authority to change Defendant's name, the Court agrees for the reasons set forth in this opinion. However, the government's statement that the Court lacks jurisdiction "to consider the motion" is perplexing. Defendant raises a possibility of relief under 18 U.S.C. § 3582(c) and Rule 36, and the Court has authority to ascertain whether relief under those statutes is warranted. *See United States v. Varner*, 948 F.3d 250, 259 (5th Cir. 2020) (Dennis, J., dissenting).

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

However, the error that Defendant identifies cannot be fairly described as a "clerical error" or an error "arising from oversight or omission." Defendant was diagnosed with Gender Dysphoria and changed her name years after the judgment was entered. (*See* ECF No. 30, PageID.266–268; *id.* at PageID.279–280.) There is no indication—nor does Defendant argue—that the name on the judgment was incorrect at the time it was entered. *United States v. Varner*, 948 F.3d 250, 259 (5th Cir. 2020) (Dennis, J., dissenting).

Thus, the Court concludes that it lacks authority to alter or amend the judgment. The Court recognizes Defendant's frustration and that the use of her former name "cause[s] significant exacerbation of her Gender Dysphoria and associated harm," (ECF No. 30, PageID.245), but Defendant has not set forth a basis for the Court's authority to amend the judgment.

For the reasons set forth above, Defendant's motion (ECF No. 30) is DENIED.

4

IT IS SO ORDERED.


Dated: May 20, 2026                        s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2026.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager

5